IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**STEPHEN MADER,**

    **Plaintiff,**

v.                                        Civil Action No.: 5:17-CV-61
                                          Honorable Judge Frederick Stamp, Jr.

**CITY OF WEIRTON,**
**ROB ALEXANDER,**
**TRAVIS BLOSSER, and**
**RYAN KUZMA**

    **Defendants.**

## DEFENDANTS ANSWER
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, the Defendants, City of Weirton, Rob Alexander, Travis Blosser, and Ryan Kuzma, by and through counsel, Cy A. Hill Jr., Matthew C. Schrebe, and Cipriani & Werner, P.C., and hereby respond to the Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

Because of the nature of Plaintiff's Complaint and the fact that no discovery has been conducted to date in this matter, in order to preserve important legal rights and protections, the Defendants set forth below certain affirmative defenses and responses which, based upon information and belief, applies to some or all of the claims raised in the First Amended Complaint. Defendants' further reserve the right, with leave of Court, to withdraw or modify some or all of the affirmative defenses set forth below in whole or in part, depending upon discovery in this matter.

1

## PARTIES

1. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendants admit the allegations as set forth in Paragraph 2 of the Plaintiff's First Amended Complaint.

3. Paragraph 3 of the Plaintiff's First Amended Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, said allegations are denied.

4. Paragraph 4 of the Plaintiff's First Amended Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, said allegations are denied.

5. Paragraph 5 of the Plaintiff's First Amended Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, said allegations are denied.

6. Paragraph 6 of the Plaintiff's First Amended Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, said allegations are denied.

## JURISDICTION & VENUE

7. Paragraph 7 of the Plaintiff's First Amended Complaint states legal conclusions and assertions to which no factual response is required.

8. Paragraph 8 of the Plaintiff's First Amended Complaint states legal conclusions to which no response is required.  To the extent a factual response is deemed required, said allegations are admitted.

## FACTS

9. Defendants are without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 9 of the Plaintiff's First Amended Complaint.

10. Defendants are without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 10 of the Plaintiff's First Amended Complaint.

11. Defendants are without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 11 of the Plaintiff's First Amended Complaint.

12. Defendants admit the allegations as set forth in Paragraph 12 of the Plaintiff's First Amended Complaint.

13. Defendants generally admit to the allegations as set forth in Paragraph 13 of the Plaintiff's First Amended Complaint, but have no knowledge of Plaintiff's class rank.

14. Upon information and belief, Defendants admit the allegations as set forth in Paragraph 14 of the Plaintiff's First Amended Complaint.

15. Defendants admit the allegations as set forth in Paragraph 12 of the Plaintiff's First Amended Complaint.

16. Paragraph 16 of the Plaintiff's First Amended Complaint state a legal conclusion to which no response is required.

17. Paragraph 17 of the Plaintiff's First Amended Complaint states a legal conclusion to which no response is required.

18. Defendants are without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 18 of the Plaintiff's First Amended Complaint as to Plaintiff's subjective understanding of the law.

19. Upon information and belief, Defendants admit the allegations as set forth in Paragraph 19 of the Plaintiff's First Amended Complaint.

20. Defendants admit the allegations as set forth in Paragraph 20 of the Plaintiff's First Amended Complaint.

21. Defendants deny the allegations as set forth in Paragraph 21 of the Plaintiff's First Amended Complaint as stated.

22. Defendants admit that Mr. Mader was the first on the scene. However, the City denies the remaining allegations as set forth in Paragraph 22 of the Plaintiff's First Amended Complaint unless Mr. Mader lied to the State Police in his handwritten statement.

23. Upon information and belief, the Defendants admit to the allegations as set forth in Paragraph 23 of the Plaintiff's First Amended Complaint and further add that Mr. Mader used profanity toward Mr. Williams.

24. Paragraph 24 of the Plaintiff's First Amended Complaint states a legal conclusion to which no response is required. To the extent a factual response is deemed required, said allegations are admitted.

25. Upon information and belief, Defendants admit the allegations as set forth in Paragraph 25 of the Plaintiff's First Amended Complaint.

26. Defendants are without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 26 of the Plaintiff's First Amended Complaint as to Plaintiff's subjective conclusions although he provided a handwritten statement to the State Police which contradicts this allegation.

27. Defendants deny the allegations as set forth in Paragraph 27 of the Plaintiff's Complaint unless Mr. Mader lied to the State Police in his handwritten statement.

28. Defendants are without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 28 of the Plaintiff's First Amended Complaint to the extent it pleads that the decedent pleaded "over and over" to "just shoot me."

29. Defendants admit that Officers Baker and Kuzma arrived on the scene. However, the Defendants deny the allegations as set forth in Paragraph 29 of the Plaintiff's First Amended Complaint per Mr. Mader's written statement made subsequent to the incident that is the subject of this Complaint.

30. Defendants admit the allegations as set forth in Paragraph 30 of the Plaintiff's First Amended Complaint although, upon information and belief, the caller stated that the decedent had removed clip which does not necessarily mean that the gun was not loaded.

31. Defendants admit the allegations as set forth in Paragraph 31 of the Plaintiff's First Amended Complaint.

32. Defendants deny the allegations as set forth in Paragraph 32 of the Plaintiff's First Amended Complaint unless Mr. Mader lied to the State Police in his handwritten statement.

33. Defendants admit the allegations as set forth in Paragraph 33 of the Plaintiff's First Amended Complaint.

34. Defendants admit the allegations as set forth in Paragraph 34 of the Plaintiff's First Amended Complaint.

35. Defendants admit the allegations as set forth in Paragraph 35 of the Plaintiff's First Amended Complaint.

36. Defendants admit the allegations as set forth in Paragraph 36 of the Plaintiff's First Amended Complaint.

37. Defendants deny the allegations as set forth in Paragraph 37 of the Plaintiff's First Amended Complaint.

38. Defendants deny the allegations as set forth in Paragraph 38 of the Plaintiff's First Amended Complaint.

39. Defendants deny the allegations as set forth in Paragraph 39 of the Plaintiff's First Amended Complaint.

40. Defendants admit the allegations as set forth in Paragraph 40 of the Plaintiff's First Amended Complaint. By way of clarification, the City of Weirton Police Department already had a copy of Mr. Mader's detailed written statement describing the May 6, 2016 incident.

41. Defendants admit the allegations as set forth in Paragraph 41 of the Plaintiff's First Amended Complaint.

42. Defendants deny the allegations as set forth in Paragraph 42 of the Plaintiff's First Amended Complaint.

43. Defendants admit the allegations as set forth in Paragraph 43 of the Plaintiff's Complaint. By way of further clarification, no testimony was taken at the hearing as Mr. Mader failed to appear at said hearing, and thus, the City of Weirton's position went unopposed.

44. Defendants admit the allegations as set forth in Paragraph 44 of the Plaintiff's First Amended Complaint.

45. Defendants admit the allegations as set forth in Paragraph 45 of the Plaintiff's First Amended Complaint.

46. Defendants admit the allegations as set forth in Paragraph 46 of the Plaintiff's First Amended Complaint.

47. Defendants deny the allegations as set forth in Paragraph 47 of the Plaintiff's First Amended Complaint.

48. Defendants deny the allegations as set forth in Paragraph 48 of the Plaintiff's First Amended Complaint.

49. Defendants deny the allegations as set forth in Paragraph 49 of the Plaintiff's First Amended Complaint.

50. Defendants deny the allegations as set forth in Paragraph 50 of the Plaintiff's First Amended Complaint.

51. Defendants admit to the allegations as set forth in Paragraph 51 of the Plaintiff's First Amended Complaint.

52. Defendants are without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 52 of the Plaintiff's First Amended Complaint.

53. Defendants deny the allegations as set forth in Paragraph 53 of the Plaintiff's First Amended Complaint.

54. Defendants deny the allegations as set forth in Paragraph 54 of the Plaintiff's First Amended Complaint.

55. Defendants admit to the allegations as set forth in Paragraph 55 of the Plaintiff's First Amended Complaint. By way of clarification, no complaint regarding this alleged incident was ever reported to the City.

56. Defendants deny the allegations as set forth in Paragraph 56 of the Plaintiff's First Amended Complaint.

57. Defendants deny the allegations as set forth in Paragraph 57 of the Plaintiff's First Amended Complaint.

58. Defendants deny the allegations as set forth in Paragraph 58 of the Plaintiff's First Amended Complaint.

## *MADER V. WEIRTON, WEST VIRGINIA*
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

59. Defendant restates its responses hereinabove as if they were restated herein verbatim.

60. Defendants deny the allegations as set forth in Paragraph 60 of the Plaintiff's First Amended Complaint as stated.

61. Paragraph 61 of the Plaintiff's First Amended Complaint states a legal conclusion to which no factual response is required.

62. Paragraph 62 of the Plaintiff's First Amended Complaint states a legal conclusion to which no factual response is required.

63. Paragraph 63 of the Plaintiff's First Amended Complaint states a legal conclusion to which no factual response is required.

64. Paragraph 64 of the Plaintiff's First Amended Complaint states a legal conclusion to which no factual response is required.

65. Paragraph 65 of the Plaintiff's First Amended Complaint states a legal conclusion to which no factual response is required.

66. Paragraph 66 of the Plaintiff's First Amended Complaint states a legal conclusion to which no factual response is required..

67. Paragraph 67 of the Plaintiff's First Amended Complaint states a legal conclusion to which no factual response is required.

68. Paragraph 68 of the Plaintiff's First Amended Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, said allegations are denied as they mischaracterize the facts of this case.

69. Paragraph 69 of the Plaintiff's First Amended Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, said allegations are denied as they mischaracterize the facts of this case.

### *MADER V. WEIRTON, WV, TRAVIS BLOSSER AND ROB ALEXANDER* FOURTEENTH AMENDMENT STIGMA PLUS DAMAGE TO REPUTATION CLAIM

70. Defendant restates its answers hereinabove as if each were restated herein verbatim.

71. Defendants deny the allegations as set forth in Paragraph 71 of the Plaintiff's First Amended Complaint.

72. Defendants deny the allegations as set forth in Paragraph 72 of the Plaintiff's First Amended Complaint to the extent the First Amended Complaint does not specify what statements the Plaintiff is referring to in this paragraph.

73. Defendants deny the allegations as set forth in Paragraph 73 of the Plaintiff's First Amended Complaint.

74. Defendants deny the allegations as set forth in Paragraph 74 of the Plaintiff's First Amended Complaint.

75. Defendants deny the allegations as set forth in Paragraph 75 of the Plaintiff's First Amended Complaint.

## *MADER V. WEIRTON, WEST VIRGINIA, TRAVIS BLOSSER, ROB ALEXANDER, AND RYAN KUZMA*
### FIRST AMENDMENT & ARTICLE III, § 7 RETALIATION CLAIM

76. In response to Paragraph 73[1] of Plaintiff's §7 Retaliation Claim contained in Plaintiff's First Amended Complaint, Defendants restate its answers hereinabove as if each were restated herein verbatim.

77. Defendants deny the allegations as set forth in Paragraph 74 of Plaintiff's §7 Retaliation Claim contained in Plaintiff's First Amended Complaint.

78. Defendants deny the allegations as set forth in Paragraph 75 of Plaintiff's §7 Retaliation Claim contained in Plaintiff's First Amended Complaint.

79. Defendants deny the allegations as set forth in Paragraph 76 of the Plaintiff's First Amended Complaint.

80. Defendants deny the allegations as set forth in Paragraph 77 of the Plaintiff's First Amended Complaint.

81. Defendants deny the allegations as set forth in Paragraph 78 of the Plaintiff's First Amended Complaint.

## *MADER V. WEIRTON, WEST VIRGINIA*
### FOURTEENTH AMENDMENT AND ARTICLE III, SECTION 10 PROCEDURAL DUE PROCESS CLAIM

82. Defendants restate their answers hereinabove as if each were restated herein verbatim.

83. Defendants deny the allegations as set forth in Paragraph 80 of the Plaintiff's First Amended Complaint.

---

[1] Plaintiff's First Amended Complaint contains a numbering error. Paragraph 73, 74, and 75 appear twice in the First Amended Complaint.

84. Defendants deny the allegations as set forth in Paragraph 81 of the Plaintiff's First Amended Complaint.

85. Defendants deny the allegations as set forth in Paragraph 82 of the Plaintiff's First Amended Complaint.

86. Defendants deny the allegations as set forth in Paragraph 83 of the Plaintiff's First Amended Complaint.

87. In responding to the **WHEREFORE** clause of the Plaintiff's First Amended Complaint, the Defendants assert that no liability exists as to any of the Defendants and; accordingly, the Defendants pray that this Court dismiss any and all claims against them.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent any of the within affirmative defenses are applicable based upon the evidence adduced in this matter, this Defendant invokes the following defenses of accord and satisfaction, arbitration and award, contributory negligence, comparative negligence, assumption of the risk, waiver, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, collateral estoppel, statute of frauds, expiration of the statute of limitations, any applicable statute of repose, lack of personal jurisdiction, and any other matter constituting an avoidance or affirmative defense.

### THIRD DEFENSE

To the extent applicable, this Defendant asserts and preserves the defenses, immunities, and limitations on damages contained in the Governmental Tort Claims and Insurance Reform Act, West Virginia Code § 29-12A-1 et seq. and at common law.

## FOURTH DEFENSE

This Defendant raises and preserves the defenses of qualified immunity and any other immunity or defense available to this Defendant pursuant to the United States Constitution, the United States Code, the West Virginia State Constitution, and the West Virginia Code.

## FIFTH DEFENSE

This Defendant hereby raises and preserves each and every defense set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure, and further reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

## SIXTH DEFENSE

The injuries and damages of the Plaintiff, if any, were caused by the misconduct of the Plaintiff or acts of others which this Defendant had no control.

## SEVENTH DEFENSE

At all times material to this case, this Defendant acted in good faith and in an objectively reasonable manner under the circumstances.

## EIGHTH DEFENSE

The Defendant had legitimate, non-pretextual, reasons for its employment decisions.

## NINTH DEFENSE

Truth is an absolute defense to defamation claims.

## TENTH DEFENSE

The requested relief, if granted, would not be in the public interest.

## ELEVENTH DEFENSE

The termination of Plaintiff was not made in violation of public policy, but rather was made in accordance with all policies and procedures set forth under West Virginia law.

## TWELTH DEFENSE

The City of Weirton's alleged retaliation, in the nature of its speech, did not constitute a threat, coercion, or intimidation intimating that punishment, sanction, or adverse regulatory action would imminently follow. Under federal law, such speech does not adversely affect a citizen's First Amendment rights, even if defamatory.

## THIRTEENTH DEFENSE

The Plaintiff has failed to mitigate any and all damages.

## FOURTEENTH DEFENSE

This Defendant reserves the right to file additional affirmative defenses, counter-claims, cross-claims, motions to dismiss and/or third party claims if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

**WHEREFORE**, the Defendant, City of Weirton, denies any and all allegations of liability and damages and respectfully demands that the action be dismissed with prejudice and that judgment be entered in its favor, along with costs of suit and such other and further relief as the Court may deem appropriate.

**JURY TRIAL DEMANDED**                                    Respectfully submitted,

_/s/ Cy A. Hill, Jr._____
Cy A. Hill, Jr. (#8816)
Matthew C. Schrebe (#11972)
CIPRIANI & WERNER, P.C.
500 Lee Street East, Suite 900
Charleston, WV 25301
Phone: (304) 341-0500
Fax: (304) 341-0507
**Counsel for the City of Weirton**

13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**STEPHEN MADER,**

      **Plaintiff,**

v.                                      Civil Action No.: 5:17-CV-61
                                       Honorable Judge Frederick Stamp, Jr.

**CITY OF WEIRTON,**
**ROB ALEXANDER,**
**TRAVIS BLOSSER, and**
**RYAN KUZMA**

      **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned counsel for the Defendant hereby certifies that on this 13th day of November, 2017, I electronically filed the foregoing **"DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT"** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below listed CM/ECF participant.

                            Timothy P. O'Brien
                   Law Office of Timothy P. O'Brien
                      2103 Investment Building
                        239 Fourth Avenue
                        Pittsburgh, PA 15222

                            Jamie Lynn Crofts
                   ACLU of West Virginia Foundation
                          PO Box 3952
                        Charleston, WV 25339-3952

                                                              _/s/ Cy A. Hill, Jr._____
                                                              Cy A. Hill, Jr. (#8816)
                                                               Matthew C. Schrebe (#11972)